UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ARMANDO GONZALEZ, JR.,

   Plaintiff,

v.             CAUSE NO. 3:22-CV-316-DRL-MGG

RON NEAL *et al.*,

   Defendants.

## OPINION AND ORDER

  Armando Gonzalez, Jr., a prisoner without a lawyer, filed a civil rights complaint. (ECF 1.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Gonzalez is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

  Mr. Gonzalez is an inmate at Indiana State Prison (ISP). He alleges that from January 2021 to July 2021, the prison was on an extended lockdown due to the death of a prisoner and the subsequent murder of a prison guard. During this period, Mr. Gonzalez claims he was served inadequate and spoiled food. Specifically, he claims that meals were

regularly stored for several hours in his cell house in open containers, causing them to become cold, spoiled, and contaminated with "air-borne elements," such as dirt, hair, and feathers from pigeons flying around inside the prison. He provides two examples of the problems with the food. On May 30, 2021, he claims to have been served a sack lunch that contained "vegetables that were severely discolored and spoiled" and that had a "foul odor." He further claims that on June 11, 2021, he was served a meal consisting of "corn, raw potatoes, two moldy pieces of bread, a patty and two small cookies." He ate about half of the food, and shortly thereafter became ill with stomach cramps and diarrhea. He claims that because of the problems with the food he often did not eat it, causing him to go hungry for days. He claims that he raised the issue of the food with Lieutenants Michael Moon and Alisha Winn, who he claims were in charge of his cell house, but neither one allegedly did anything to address the problem. Based on these events, he sues Lieutenants Moon and Winn, as well as Warden Ron Neal, seeking monetary damages and other relief.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), nor does it

2

guarantee inmates food that is hot or "even appetizing," *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994). Inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In determining whether the denial of food amounts to a constitutional violation, "a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Giving Mr. Gonzalez the inferences to which he is entitled at this stage, he has plausibly alleged that he was denied the minimal civilized measure of life's necessities. Specifically, he claims he was served spoiled and contaminated meals for a period of several months, during which time he often went hungry. *Gillis*, 468 F.3d at 493; *see also Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) ("The Constitution mandates that prison officials provide inmates with nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it."). On the subjective prong, he claims that he spoke directly with Lieutenants Moon and Winn about the problems with the food as early as February 2021, but they allegedly did nothing and allowed the problem to persist for several more months. *Reed*, 178 F.3d at 855 (where inmate complained about severe deprivations but was ignored, he described a "prototypical case of deliberate indifference"); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (inmate adequately stated claim for deliberate indifference where he alleged defendants knew about a

3

"serious" problem and "did nothing about it"). He will be permitted to proceed on an Eighth Amendment claim for damages against Lieutenants Moon and Winn.

As for Warden Neal, it is evident from Mr. Gonzalez's allegations that he is trying to assert an official capacity claim against him under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, *Monell* only applies to municipal actors, not state officials. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). A state prison official can be named in an official capacity on a claim for prospective injunctive relief, but only if there is an ongoing constitutional violation. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997); *see also Rasho v. Jeffrys*, 22 F.4th 703, 712 (7th Cir. 2022) (outlining the limited forms of injunctive relief available in the prison setting). It is apparent from Mr. Gonzalez's allegations that the problems with the food occurred during a finite period ending in July 2021. Without an ongoing constitutional violation, he cannot proceed on a claim for injunctive relief against the Warden in his official capacity.[1] *See Marie O.*, 131 F.3d at 615. Additionally, any claim for damages against the Warden in his official capacity would be barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019).

That leaves the possibility of Mr. Gonzalez suing the Warden in his personal capacity. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Warden cannot be held liable for damages solely because he oversees operations within

---

[1] To the extent Mr. Gonzalez is trying to seek prospective injunctive relief on behalf of other inmates who may at some point in the future be served inadequate food during a lockdown, he has no standing to do so. *Massey v. Helman*, 196 F.3d 727, 739-40 (7th Cir. 1999).

the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Yet there are no allegations in the complaint from which the court could plausibly infer that the Warden personally knew about the problem with the food or that he approved of or condoned inmates being served rotten and inedible food.

The closest Mr. Gonzalez comes to alleging personal involvement by the Warden is when he asserts that "Defendants' were aware and on notice of the severity of the plaintiff's claims, due from frozen and rotten food, raw and contaminated food that was served in unsanitary conditions." (ECF 1 at 6.) However, this type of boilerplate referencing "defendants" collectively is not sufficient to state a claim under federal pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, 1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). The court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks,* 578 F.3d at 581. Based on what Mr. Gonzalez has alleged, the court cannot plausibly infer that the Warden had any personal involvement in these events. He thus will be dismissed as a defendant.

5

For the reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Lieutenant Michael Moon and Lieutenant Alisha Winn in their personal capacity for monetary damages for deliberate indifference to his need for nutritionally adequate food from January 2021 to July 2021 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Michael Moon and Lieutenant Alisha Winn at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Lieutenant Michael Moon and Lieutenant Alisha Winn to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 16, 2022

*s/ Damon R. Leichty*
Judge, United States District Court