UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ARMANDO GONZALEZ JR.,

    Plaintiff,

          v.                           CAUSE NO. 3:22-CV-316-DRL-JEM

MICHAEL MOON *et al.*,

    Defendants.

## OPINION AND ORDER

Armando Gonzalez, Jr., a prisoner without a lawyer, is proceeding in this case "against Lieutenant Michael Moon and Lieutenant Alisha Winn in their personal capacity for monetary damages for deliberate indifference to his need for nutritionally adequate food from January 2021 to July 2021 in violation of the Eighth Amendment[.]" ECF 7 at 6. On November 29, 2022, the defendants filed a summary judgment motion, arguing Mr. Gonzalez did not exhaust his administrative remedies before filing suit. ECF 18. With the motion, the defendants provided Mr. Gonzalez the notice required by N.D. Ind. L.R. 56-1(f). ECF 21. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to the statement of material facts, which includes a citation to evidence supporting each dispute of fact. The court extended Mr. Gonzalez's deadline

until February 10, 2023. ECF 26. This deadline passed over four months ago, but Mr. Gonzalez has not responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "Strict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.; see also Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) ("Rule 56 imposes an affirmative obligation on a movant that we cannot ignore merely because a nonmovant provides no responsive arguments.").

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the prison's grievance specialist, who attests to the following facts.[1] To exhaust a grievance, an offender must complete three steps: (1) a formal grievance; (2) a Level I appeal; and (3) a Level II appeal. ECF 19-1 at 2; ECF 19-2 at 3. On March 18, 2021, Mr. Gonzalez submitted a grievance complaining of "ice cold" food and alleging that staff members were allowing food to sit out for several hours before serving it to inmates. ECF 19-1 at 6; ECF 19-3 at 6. On March 25, 2021, the grievance office returned Mr. Gonzalez' March 18 grievance because he submitted it on behalf of a group and did not indicate he had been personally affected by the alleged conduct. ECF 19-1 at 6; ECF 19-3 at 5. On May 30, 2021, Mr. Gonzalez submitted Grievance 129060, complaining his meal trays were being served cold and his meal sacks "come

---

[1] Because Mr. Gonzalez has not responded to the defendants' summary judgment motion, the court accepts the grievance specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

frozen." ECF 19-1 at 6-7; ECF 19-3 at 3. On October 14, 2021, the grievance office denied Grievance 129060 on its merits. ECF 19-1 at 7; ECF 19-3 at 2. Mr. Gonzalez never appealed the grievance office's denial of Grievance 129060. ECF 19-1 at 7; ECF 19-3 at 1-2.

Here, because it is undisputed Mr. Gonzalez did not fully exhaust any grievance complaining of the defendants' alleged conduct, and Mr. Gonzalez provides no evidence his administrative remedies were in any way unavailable, the defendants have met their burden to show Mr. Gonzalez did not exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 18); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Armando Gonzalez Jr. and to close this case.

SO ORDERED.

June 22, 2023               *s/ Damon R. Leichty*
                            Judge, United States District Court